## 58748. ISRAEL v. COFER.

QUILLIAN, Presiding Judge.

This is an appeal from a summary judgment upholding the determination of the Department of Public Safety that appellant was a habitual violator and revoking his driver's license. *Held:*

1. Appellant first contends that he could not be declared a habitual violator because he did not meet the definition of such found in Code Ann. § 68B-308 (Ga. L. 1975, pp. 1008, 1032; 1977, pp. 307, 308) as only one of his convictions for DUI occurred after the effective date of the statute. *Cofer v. Crowell,* 146 Ga. App. 639 (247 SE2d 152) held that convictions for DUI occurring several years prior to the 1975 effective date of Code Ann. § 68B-308 could be used in making a habitual violator determination. There is no merit to this claim.

2. Prior to July 1, 1978, Code Ann. § 68B-308 stated that three or more convictions within the preceding ten years were required to declare a person a habitual violator. On July 1, 1978, an amendment to this section became effective changing the ten-year period to five years (Ga. L. 1978, pp. 225, 226). Appellant had more than three convictions for DUI from 1969 to 1977. Appellant claims that on July 7, 1978, when he received notice of his being declared a habitual violator, the shorter five-year period was in effect and since he did not have three convictions within the preceding five-year period he could not be declared a habitual violator.

Interpreting Code Ann. § 68B-308, this court has decided that the statutory period of time in which the required three or more convictions could be considered for revocation was that which existed as of the date of the last conviction, not that which existed at a subsequent time during revocation proceedings. *Kelly v. Cofer,* 150 Ga. App. 24 (256 SE 2d 635). Since appellant's last conviction was in 1977 when the ten-year period was in effect and he had three or more convictions within that period, the contention is without merit.

3. Code Ann. § 68B-308 also states that when the files of the Department of Public Safety reveal that a person is a habitual violator, the department "shall forthwith

notify" the person of such status by certified mail or by personal service. Appellant claims his habitual violator status is invalid because he was not notified immediately after the last conviction occurred on December 12, 1977. The record does not show when the department received notice of this. Under date May 19, 1978, the department sent appellant written notice of his habitual violator status by mail, which was not received by appellant. On July 12, 1978, he was personally served with the notice. Assuming, without deciding that the notification was not timely, we find no error. It is difficult to see how appellant could have been harmed by any delay as the privilege to drive, which he complains of losing, continued until he was notified. "[W]here the statute directs the doing of a thing at a certain time, without any negative words restraining the doing of it afterwards, the provision as to time is generally directory, and not a limitation on authority; and in such case, where no injury appears to have resulted, the fact that the act was performed after the time limited will not of itself render it invalid." *Horkan v. Beasley,* 11 Ga. App. 273, 278 (75 SE 341).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED OCTOBER 18, 1979 — DECIDED NOVEMBER 8, 1979 —

*Kran Riddle,* for appellant.

*Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellee.