### 69443. HARDISON v. BOYD.
(329 SE2d 198)

BENHAM, Judge.

In January 1984, appellee entered a plea of guilty to a charge of driving under the influence of alcohol. The charge arose from his arrest in August 1983. The Department of Public Safety ("Department") sent appellee a letter in February 1984 informing him that he had been declared a habitual violator. The letter listed the three violations which gave rise to the Department's administrative action, giving both the date of the violation and the date of disposition of the charge. Because the disposition date of the most recent violation (August 1983) was incorrectly listed as September 27, 1983, the date on which a hearing in the matter had originally been scheduled, appellee requested and received a hearing. The hearing officer upheld the Department's decision, so appellee took an appeal to the superior court. That court reversed the decision of the hearing officer, holding that the Department had incorrectly applied the law. This appeal follows our grant of appellant's application for a discretionary review of the superior court's decision.

The issue in this case is whether the date of conviction or the date of violation is to be used in determining habitual violator status. OCGA § 40-5-58 provides that a habitual violator is any person who has been convicted in any of the United States three or more times of any of a list of specified offenses, including violations of Article 15 of Chapter 6 of Title 40 of the Code. Driving under the influence of alcohol is an offense within that category. Subsection (b) of the cited Code section provides in part as follows: "When the records of the department disclose that any person has been convicted of a violation of Chapter 6 of this title . . ., of an *offense occurring* on or after January 1, 1976, which record of conviction, when taken with and added to previous convictions of such persons of *offenses occurring* within five years prior to the date of such offenses, as contained in the files of the department, reveals that such person is an habitual violator as defined in subsection (a) of this Code section, the department shall forthwith notify such person that upon the date of notification such person has been declared by the department to be an habitual violator . . ." (Emphasis supplied.)

It is clear from the language quoted above that the date of the offense is the date to be used for the purpose of determining habitual violator status under that section. Were it otherwise, a defense attorney could thwart the intent of the statute by securing a continuance,

or a series of continuances, to take an impending conviction outside the five-year period provided in the statute. Such would be the result of the present case under the trial court's interpretation of the statute since the postponement of appellee's hearing, whether it was done for that purpose or not, took the date of appellee's most recent DUI conviction outside the five-year period. We cannot condone an interpretation of the statute which would render it vulnerable to such manipulation by the defendant.

In *Cofer v. Gurley*, 146 Ga. App. 420 (3) (246 SE2d 436) (1978) (overruled on other grounds in *Williams v. Cofer*, 246 Ga. 344 (3) (271 SE2d 486) (1980)), this court interpreted OCGA § 40-5-57 (then Code Ann. § 68B-307) to depend on the date of conviction as the determinative date. However, that case is of no assistance to appellee because it is distinguishable on several bases from the present case: the Code section interpreted in that case is concerned with different offenses, has a different system for determining habitual violator status (accumulation of points), and does not contain language referring to offenses occurring within a specified period. But there is a case on which appellee might justifiably rely. In *Israel v. Cofer*, 152 Ga. App. 248 (2) (262 SE2d 545) (1979), this court discussed former Code Ann. § 68B-308 (now OCGA § 40-5-58, the section involved in this case) in terms of *convictions* occurring within a specified period. The question in that case, however, was not whether date of conviction or date of offense should control, but whether the 1978 amendment to the statute (Ga. L. 1978, pp. 225, 226, eff. July 1, 1978), changing the time period in the statute from ten years to five years, should have been applied. This court ruled that it should not apply because the appellant's last conviction predated the amendment and, when added to previous convictions, warranted his designation as a habitual violator. *Kelly v. Cofer*, 150 Ga. App. 24 (256 SE2d 635) (1979), was cited in *Israel* for the proposition that the time period to be applied was that which was in effect at the time of a defendant's last conviction. The appellants in *Kelly* and its companion case committed their third DUI offenses within a ten-year period prior to the effective date of the 1978 amendment, but their court proceedings came after the effective date. Their argument that the shorter time period provided by the amendment should apply was rejected as "contrary to the express legislative intent that the lesser time period be invoked *only when* the third (or fourth, etc.) offense takes place on or subsequent to July 1, 1978." Id. It appears, then, that the reliance in *Israel* on the date of conviction was erroneous. Accordingly, that case is overruled to the extent that it may be read to hold that the date of conviction is the critical date for determining habitual violator status.

Since appellee's August 1983 DUI offense of which he was subsequently convicted occurred within a five-year period during which he

had two previous DUI offenses of which he was convicted, the Department was correct in declaring appellee to be an habitual violator pursuant to OCGA § 40-5-58. The superior court's reversal, relying on the date of conviction rather than the date of the offense, was error.

*Judgment reversed. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, and Beasley, JJ., concur.*

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 21, 1985 —

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Jennifer L. Hackemeyer*, for appellant.

*Warren W. Hoffman*, for appellee.