David ROGERS *v.* STATE of Arkansas

CR 87-126                                          738 S.W.2d 412

Supreme Court of Arkansas
Opinion delivered November 2, 1987
[Rehearing denied December 7, 1987.]

*Robert A. Newcomb*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The issue in this case involving the interpretation of the Omnibus DWI Act is when does a prior "offense" occur for purposes of penalty enhancement. A stipulation of facts between the appellant and the State shows that on May 11, 1986, the appellant operated his vehicle while intoxicated in violation of Ark. Stat. Ann. § 75-2503(a) (Supp. 1985). He had two prior convictions, one conviction on June 22, 1984, and the other on July 17, 1985. The stipulation does not include the dates on which the prior offenses were committed. The trial court found the appellant guilty of "the third offense occurring within (3) three years of the first offense." Ark. Stat. Ann. § 75-

2504(b)(2) (Supp. 1985). We reverse because the State did not show that all three of the violations occurred within three years of the first violation. Instead, it only showed that all three convictions occurred within three years.

██  The State contends that an offense occurs on the date of the conviction, because the word "offense" is often equated with the word "conviction." It is true that "offense" is often held to mean "conviction." *See Nail* v. *State*, 225 Ark. 495, 283 S.W.2d 683 (1955); *see also State* v. *Snyder*, 30 N.M. 40, 227 P. 613 (1924); *Carey* v. *State*, 70 Ohio St. 121, 70 N.E. 955 (1904); *State* v. *Midell*, 40 Wis. 2d 516, 162 N.W.2d 54 (1968). However, such cases deal with the problem that an act cannot be considered an "offense" until there has been a conviction, and they simply do not address the issue of when an "offense" occurs. These are two different concerns, and the distinction is best illustrated by employing a two-step analysis. The first step is that the act in issue is not elevated to the status of an "offense" until there is a conviction. The second step is that once a conviction is shown, it must relate back and the act is deemed an "offense" from the moment of commission. Therefore, the offense occurs when the criminal act is committed.

The Georgia Court of Appeals has addressed this same issue directly. In *Hardison* v. *Boyd*, 174 Ga. App. 71, 329 S.E.2d 198 (1985), the appellee pleaded guilty to driving under the influence of alcohol and was declared an habitual violator. The court quoted the statute involved in the case as follows:

> "When the records of the department disclose that any person has been convicted of a violation of Chapter 6 of this title . . ., of an *offense occurring* on or after January 1, 1976, which record of conviction, when taken with and added to previous convictions of such persons of *offenses occurring* within five years prior to the date of such offenses, as contained in the files of the department, reveals that such person is an habitual violator as defined in subsection (a) of this Code section, the department shall forthwith notify such person that upon the date of notification such person has been declared by the department to be an habitual violator. . . ."

*Id.* at 71, 329 S.E.2d at 200 (emphasis by court). The court then

rejected the contention that it was the date of conviction rather than the date of the violation which controlled, holding:

> It is clear from the language quoted above that the date of the offense is the date to be used for the purpose of determining habitual violator status under that section. Were it otherwise, a defense attorney could thwart the intent of the statute by securing a continuance, or a series of continuances, to take an impending conviction outside the five-year period provided in the statute. . . . We cannot condone an interpretation of the statute which would render it vulnerable to such manipulation by the defendant.

*Id.* at 71-72, 329 S.W.2d at 200. The California Court of Appeal reached a similar decision in *People* v. *Albitre*, 184 Cal. App. 3d 895, 229 Cal. Rptr. 289 (1986).

We think such reasoning is sound. The General Assembly surely did not intend to allow a defense attorney to reduce an enhanced penalty for third offense driving while intoxicated to a second offense merely by obtaining continuances so that the last conviction would fall outside the three year period. Similarly, it surely did not intend that delay due to court congestion might reduce the degree and penalty. Accordingly, we hold that the dates the offenses were committed are the determinative dates.

The appellant also contends that "[t]he State of Arkansas failed to introduce evidence of the dates of the prior offenses and therefore should not be allowed to have a remand in this case." In *Burks* v. *United States*, 437 U.S. 1, 18 (1978), the United States Supreme Court held that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient" to support a guilty verdict. However, the Court stated that a retrial is permitted to rectify trial error, noting,

> In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial

process which is defective in some fundamental respect, *e.g.*, incorrect instructions, or prosecutorial misconduct.

*Id.* at 15; *see also Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984).

The problem with the appellant's argument is one of mischaracterization. The issue here is not one of insufficient evidence but one of trial error. In this case, the trial court ruled that the date of the conviction (not the date of commission of the act) controlled. Therefore, under the trial court's ruling, the State was not required to produce evidence of the dates of the prior acts because, at that point, evidence of such dates would have been irrelevant. The State's failure to produce evidence of the dates of the acts stemmed directly from the trial court's erroneous ruling, and remand should be allowed because of the error.

Reversed and remanded.