Michael H. SELLERS *v.* STATE of Arkansas

CA CR 94-706 901 S.W.2d 853

Court of Appeals of Arkansas
Division II
Opinion delivered June 21, 1995

*Lee R. Watson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. On November 30, 1989, Michael H. Sellers pled guilty to theft of property and received a suspended sentence. On November 23, 1993, the State filed a petition to revoke appellant's suspended sentence. Appellant's suspended sentence was revoked, and he was sentenced to eight days imprisonment. The trial court found appellant in contempt and ordered an additional thirty days imprisonment for violation of the order granting a suspended sentence. Appellant's sole argument on appeal concerns the finding of criminal contempt. Appellant contends that he had not received prior notice of the charge of criminal contempt.[1]

---

[1] We note that pursuant to Ark. Code Ann. § 16-10-108(a)(3) (Repl. 1994) a court has the power to punish for criminal contempt a person's willful disobedience to a court order. However, the general rule is that before a person may be held in contempt for violating a court order, that order must be in definite terms as to the duties thereby

During the revocation hearing the trial court recognized that appellant had only eight days remaining on the suspended sentence. The court stated that appellant could be held in criminal contempt. Appellant objected stating that he had not received notice of a contempt charge and was unprepared to defend. The court revoked the suspended sentence and found appellant in criminal contempt.

 Appellant argues on appeal that he was not informed of a criminal contempt charge. We agree. An information may be amended during trial if the nature or degree of the crime is not changed and if the defendant is not prejudiced through surprise. *Smith* v. *State*, 310 Ark. 247, 837 S.W.2d 279 (1992); *Lee* v. *State*, 297 Ark. 421, 762 S.W.2d 790 (1989). Here, appellant appeared for a hearing on a petition to revoke a suspended sentence and was then first made aware of a criminal contempt charge. Since this in essence changed the nature and degree of the offense charged, we reverse the conviction of criminal contempt. Having done so, we need not address appellant's remaining argument that there was insufficient evidence that he committed criminal contempt.

Reversed.

JENNINGS, C.J., and ROGERS, J., agree.

---

imposed on him, and the command must be expressed rather than implied. *McCullough* v. *Lessenberry*, 300 Ark. 426, 780 S.W.2d 9 (1989). Here, the court's order granting him a suspended sentence is not abstracted and appellant does not argue that the order was insufficient to uphold a criminal contempt conviction. Additionally, appellant does not argue that he was denied a jury trial or that he was placed in double jeopardy by the court's action to find him in criminal contempt.