William Bert JOHNSON *v.* STATE of Arkansas

CA CR 95-604 932 S.W.2d 347

Court of Appeals of Arkansas
Division III
Opinion delivered November 6, 1996

*Doug Norwood,* for appellant.

*Winston Bryant,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. William Bert Johnson appeals from his non-jury felony conviction of driving while intoxicated, fourth offense. Appellant was sentenced to three years in the Arkan-

sas Department of Correction, with two years suspended, and was fined $2,500.00. On appeal, appellant contends (1) that the trial court erred in finding that the information properly charged a felony DWI, (2) that the trial court erred in not reducing the charge from a felony DWI to a DWI, third offense, and (3) that the trial court erred in not dismissing the information for insufficient allegations of venue. We find no error and affirm.

Arkansas Code Annotated § 5-65-111(b)(3) (Repl. 1993) provides that any person who pleads guilty, nolo contendere, or is found guilty of violating § 5-65-103 shall be imprisoned for at least one year but no more than six years for the fourth or subsequent offense occurring within three years of the first offense and shall be guilty of a felony.

■■ The initial information in this case alleged that appellant had had three prior "offenses." The information was amended to state that appellant had three prior "arrests." Appellant then filed two motions to dismiss. In his first motion, he argued that the amended information alleged that he had had three prior "arrests," rather than "convictions," and that it is three prior convictions that constitute an element of felony DWI, fourth offense. The State responded that appellant's prior offenses were described as arrests because, for purposes of penalty enhancement, prior DWI offenses are deemed to have occurred when the criminal act was committed, and the State used the date of arrest as the date of commission. *Rogers* v. *State*, 293 Ark. 414, 738 S.W.2d 412 (1987). Wording other than that of the statute may be used when the words convey the same meaning. Ark. Code Ann. § 16-85-405(k) (1987). An indictment or information is sufficient if the act or the omission charged as the offense is stated with a degree of certainty that enables the court to pronounce judgment on conviction. Ark. Code Ann. § 16-85-405(a)(1)(C) (1987). A variance between the wording of an indictment or information and the proof at trial does not warrant reversal unless the variance prejudices the substantial rights of the defendant. Ark. Code Ann. § 16-85-405(a)(2) (1987); *Tackett* v. *State*, 298 Ark. 20, 766 S.W.2d 410 (1989). Here, there were exhibits placed into evidence indicating that appellant had three judgments of conviction of DWI entered against him, each reflecting the date of the offense and conviction. Appellant has not demonstrated prejudice, and we find no error in the language used in the information.

■ In his second motion to dismiss, appellant alleged that he did not have a third-offense DWI conviction, but only a first-offense DWI, and two second-offense DWI's. He argues that one must have had three convictions, designated as first, second, and third offense, in order to be convicted of a fourth offense. Arkansas Code Annotated § 5-65-111 (Repl. 1993) sets out the elements of and penalties for subsequent offenses of DWI, and contains no requirement that the offender be punished as a third offender before he is punished as a fourth offender. It is only necessary that the defendant have been convicted of having committed, within the relevant time frame, three prior offenses. Moreover, this court has upheld a felony DWI conviction in *Dickerson v. State*, 24 Ark. App. 36, 747 S.W.2d 122 (1988), stating that it was not significant that a prior DWI conviction was marked as second offense since it was the defendant's third conviction within three years and the defendant knew how many times he had been convicted of DWI offenses. Similarly, we do not find error in appellant's felony DWI conviction as the record reflects that he had committed three prior offenses within three years of the fourth offense.[1]

Appellant next argues that he plea-bargained his third-offense DWI to a second-offense DWI, which conviction should be treated as a second offense for purposes of sentence enhancement. He relies on *State v. Crist*, 843 P.2d 368 (Nev. 1992), which held that a second conviction for driving under the influence of intoxicants that was plea-bargained to a first offense must be treated as a first offense for purposes of penalty enhancement.

■ The alleged plea-bargain agreement on which appellant relies is not part of this record, and we do not know the terms of any such agreement. Nevertheless, we decline to adopt the reasoning of *State v. Crist, supra*. The element of fourth-offense DWI at issue here is based on the number of prior offenses, not how they were designated. The language of Ark. Code Ann. § 5-65-111 is unambiguous. *See Dickerson v. State, supra.*

■ Appellant next argues that the trial court erred in allowing the prosecutor to amend the information orally during the

---

[1] We recognize that in *Dickerson* we mistakenly spoke in terms of three "convictions" within three years instead of "offenses." *See Rogers v. State*, 293 Ark. 414, 738 S.W.2d 412 (1987). However, that mistake does not affect resolution of the issue presented here.

trial to state correctly that the offense was committed in Madison County rather than Washington County. The State filed a written amended information two days after trial. Appellant argues that the information must be amended in writing prior to the case being heard on the merits. We do not agree. An information may be amended during trial if the nature or degree of the crime is not changed and if the defendant is not prejudiced through surprise. Ark. Code Ann. § 16-85-407(b) (1987); *Sellers* v. *State*, 50 Ark. App. 32, 901 S.W.2d 853 (1995). Appellant cites no authority, and we know of none, that requires that an amendment be made in writing. The nature or degree of the offense was not changed by the amendment, and appellant's counsel admitted that he was not surprised by the amendment. We find no error.

Affirmed.

JENNINGS, C.J., and HAYS, Special Judge, agree.