Kevin Edward McELHANON *v.* STATE of Arkansas

CR 97-336 948 S.W.2d 89

Supreme Court of Arkansas
Opinion delivered June 30, 1997

*Cross, Kearney & McKissic,* by: *Jesse L. Kearney,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

DONALD L. CORBIN, Justice. Appellant Kevin McElhanon was charged in municipal court with driving while intoxicated ("DWI") in violation of Ark. Code Ann. § 5-65-103 (Repl. 1993), but was convicted of driving under the influence ("DUI") in violation of Ark. Code Ann. § 5-65-303 (Repl. 1993). He appealed to circuit court where he was tried and convicted of DUI. Appellant filed a petition for review from a decision of the Arkansas Court of Appeals delivered on December 23, 1996, where a 3-3 vote affirmed the lower court decision. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2 (e) (as amended by *per curiam* July 15, 1996). When we grant review following a decision by the court of appeals, we review the case as though the appeal was originally filed with this court. *Brunson v. State,* 327 Ark. 567, 940 S.W.2d 440 (1997). We reverse and remand.

Appellant asserts five points for reversal, including error of the trial court in failing to try him on the original charge of DWI from municipal court, and entering judgment on the different charge of DUI. Because we find merit in that point, we need not address the remaining points.

Appellant was charged with DWI in violation of section 5-65-103, but found guilty in municipal court of DUI under section 5-65-303. It is unclear whether the municipal court convicted Appellant of DUI on the mistaken conclusion that DUI is a lesser-included offense of DWI, or if the court elected to amend the charge to DUI. Upon *de novo* appellate review, the circuit court determined the charge on appeal to be that of DUI rather than DWI. Appellant was then convicted of DUI in circuit court. The court of appeals affirmed Appellant's conviction of DUI on the ground that by changing the charge from DWI to DUI, the nature of the original charge was not altered. We disagree with that analysis, because Appellant was prejudiced by the circuit court's unauthorized action in changing the charge from DWI to DUI when Appellant had never been formally charged with anything other than DWI. The nature of the charge of DWI differs significantly with that of DUI in that the minimum blood-alcohol level required to convict a person of DWI is 0.10% while that required to convict of DUI is 0.02%.

██ It is well established that a defendant may only be charged with committing a criminal offense by one of three ways: information, indictment, or citation. *See* Ark. Const. art. 2, § 8; Ark. Const. amend. 21, § 1; *Brewer v. State*, 286 Ark. 1, 688 S.W.2d 736 (1985). An information or other charging instrument is not defective if it sufficiently apprises the defendant of the specific crime with which he is charged to the extent necessary to enable him to prepare a defense. *State v. Johnson*, 326 Ark. 189, 931 S.W.2d 760 (1996); *Purifoy v. State*, 307 Ark. 482, 822 S.W.2d 374 (1991). An information is sufficient if the act or the omission charged as the offense is stated with a degree of certainty that enables the court to pronounce judgment on conviction. *Johnson v. State*, 55 Ark. App. 117, 932 S.W.2d 347 (1996). A variance between the wording of an indictment or information and the proof at trial does not warrant reversal unless the variance prejudices the substantial rights of the defendant. *Id.* An information may be amended during trial if the nature or degree of the crime is not changed and if the defendant is not prejudiced through surprise. *Id.* In this case, the only offense with which Appellant was charged was DWI. Appellant was prepared to

defend against the charge of DWI; he was thus prejudiced by the circuit court's decision to try him on the charge of DUI.

■     Contrary to what the municipal court may have determined, DUI is not a lesser-included offense of DWI. To find a lesser-included offense, there are three factors to consider: (1) The lesser offense must be established by proof of the same or less than all the elements of the greater offense; (2) the lesser offense must be of the same generic class as the greater offense; and (3) the distinction between the two must be based upon the degree of risk or injury to person or property or upon grades of intent or degrees of culpability. *Brown v. State*, 325 Ark. 504, 929 S.W.2d 146 (1996); *Tackett v. State*, 298 Ark. 20, 766 S.W.2d 410 (1989). An offense is not a lesser-included offense of another if each crime requires a different element of proof. *Weber v. State*, 326 Ark. 564, 933 S.W.2d 370 (1996). An offense is not a lesser-included offense solely because a greater offense includes all the elements of the lesser offense. *Thompson v. State*, 284 Ark. 403, 682 S.W.2d 742 (1985).

■     Where the evidence is insufficient to convict for a certain crime, but where there is sufficient evidence to convict for a lesser-included offense of that crime, this court may "'reduce the punishment to the maximum for the lesser offense, reduce it to the minimum for the lesser offense, fix it ourselves at some intermediate point, remand the case to the trial court for the assessment of the penalty, or grant a new trial either absolutely or conditionally.'" *Dixon v. State*, 260 Ark. 857, 862, 545 S.W.2d 606, 609 (1977) (quoting *Clark v. State*, 246 Ark. 876, 440 S.W.2d 205 (1969)). Though charged with a greater offense, a defendant may be found guilty of a lesser-included offense, and on appeal, the conviction may be modified from the greater to the lesser offense and the court may fix punishment or remand the case. *Davidson v. State*, 305 Ark. 592, 810 S.W.2d 327 (1991).

■     Considering that DUI is not a lesser-included offense of DWI, in that DUI requires an additional element of proof of the defendant's age (less than twenty-one years) and a different level of intoxication (prohibiting 0.02% blood-alcohol content), the municipal court erred and prejudiced the Appellant when it

changed the charge from DWI to DUI on its own motion. Thus, because the municipal court erred in changing the offense, the circuit court likewise erred in trying and convicting Appellant of the uncharged offense of DUI.

In addition, Ark. Code Ann. § 5-65-107 (Repl. 1993) provides that persons charged with violating section 5-65-103 "shall be tried on those charges or plead to such charges, and no such charges shall be reduced." This language applies to the reduction of the offense, not to the number of prior offenses as in *State v. Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984), where this court established that section 5-65-107 did not apply to the change to a lesser quantity of the same offense such as DWI fourth offense to DWI first offense. The charge in this case was erroneously changed to a separate offense, not a lesser-included offense, or an offense of lesser quantity, and this change was done in violation of section 5-65-107. Moreover, although appeals from municipal court to circuit court are tried *de novo*, *Bussey v. State*, 315 Ark. 292, 867 S.W.2d 433 (1993), the circuit court can render no judgment that the lower court is not authorized to render. *See* Ark. Code Ann. § 16-19-1105 (Repl. 1994); *Townsend v. State*, 292 Ark. 157, 728 S.W.2d 516 (1987).

In this case, Appellant was charged with one offense (DWI), but found guilty of another (DUI). Appellant was entitled to be tried in circuit court on the same cause of action for which he was tried in the municipal court. The municipal court violated section 5-65-107, by altering the charge and, consequently, the circuit court was not authorized to change the charge on appeal. Appellant could not be found guilty of a lesser-included offense of DWI, because there is no such offense. Furthermore, because Appellant was charged with DWI in violation of section 5-65-103, he could not be tried or found guilty of any other charge, because that would be a violation of section 5-65-107. For the foregoing reasons, we reverse the decision of the circuit court and remand the case back to that court so that Appellant may be tried for the offense of DWI.

Reversed and remanded.