Joseph Erwin WRAY *v.* STATE of Arkansas

CA CR 98-683                                      984 S.W.2d 45

Court of Appeals of Arkansas
Division I
Opinion delivered December 2, 1998

*John W. Settle Law Firm*, by: *John W. Settle*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant Joseph Wray was found guilty of DWI, second offense, and was sentenced to one year in jail, with a nine-month suspension, and fined $2,000 plus court costs. On appeal, appellant contends that the trial court erred in finding that there was sufficient evidence to sustain his conviction when there was no evidence of his arrest date for a prior DWI offense within three years of his present offense.

Appellant was arrested and charged with DWI, second offense, on April 5, 1997. From his conviction in the Fort Smith Municipal Court, he appealed to the Sebastian County Circuit Court. At a jury trial held on October 21, 1997, appellant was found guilty of driving while intoxicated. During the penalty phase of the proceedings, the State introduced a certified document from the Van Buren Municipal Court and the Crawford County Circuit Court. Defense counsel, however, made an objection to the admission of the municipal court document on the basis that it failed to identify the date of appellant's arrest. The trial court allowed the usage of that document to reflect a date of "10/30/94" as the arrest date, but stated that it would note appellant's objection. Thereafter, the court instructed the jury that appellant had a previous DWI conviction for an offense that occurred on October 30, 1994.

Appellant now argues that the trial court erred in allowing the jury to be instructed that he had a prior offense date on October 30, 1994, for DWI.

When the State utilizes a prior conviction to convict a defendant of a second or subsequent DWI offense, the State must show that the offense that resulted in the prior conviction occurred within three years of the date of the second offense.

*Wilson v. State*, 46 Ark. App. 1, 875 S.W.2d 510 (1994). The date of the offense occurs when the criminal act is committed. *Rogers v. State*, 293 Ark. 414, 738 S.W.2d 412 (1987). Arkansas Code Annotated § 5-65-111 (1997) provides that:

> (b) any person who pleads guilty, nolo contendere, or is found guilty of violating § 5-65-103 or any other equivalent penal law of another state or foreign jurisdiction shall be imprisoned:
>
> (1) for no less than seven (7) days and no more than one (1) year for the second offense occurring within three (3) years of the first *offense*.

(Emphasis added.) As such, the State must prove each and every element of the crime of DWI, second offense, beyond a reasonable doubt. *Warren v. State*, 314 Ark. 192, 862 S.W.2d 222 (1993).

In this case, appellant was arrested and charged on April 5, 1997. Therefore, to meet the requirements of DWI, second offense, the State had to prove that appellant committed his first DWI offense after April 5, 1994. In the copy of a master inquiry of the Van Buren Municipal Court, which was admitted into evidence, a date of "10/30/94" is shown without reference to an offense or arrest date. The same document shows a first court date of "11/9/94" and a scheduled court date of "1/27/95." Along with this information, the State argues that there was substantial evidence to support a second DWI offense because the document also contains the appellant's identity, the ticket number, the charge, the date and time, and vehicle information. A judgment from the Crawford County Circuit Court was the second certified document admitted into evidence by the trial court. The judgment, rendered on January 27, 1995, reflects that its decision was taken from an appeal from the Van Buren Municipal Court.

■ ■ While appellant contends that the master inquiry is too vague and unclear for the trial court to announce his arrest date as October 30, 1994, we note that circumstantial evidence may constitute substantial evidence to support a jury's verdict of guilt if the circumstantial evidence rules out every other reasonable hypothesis but the guilt of the accused. *Wetherington v. State*, 319 Ark. 37, 889 S.W.2d 34 (1994). In resolving the question of the sufficiency of the evidence in a criminal case, we view the

evidence in the light most favorable to the appellee and affirm if there is substantial evidence to support the decision of the trier of fact. *Key v. State*, 325 Ark. 73, 923 S.W.2d 865 (1996). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.*

In the present case, we find that there are other reasonable inferences that may be drawn from the "master inquiry" data sheet, and, consequently, there is insufficient evidence of the date of appellant's first offense. First, it is conceivable that if appellant's first appearance before the circuit court was in November of 1994 with a continuance to January 27, 1995, then his first appearance in municipal court could have been on October 30, 1994. Second, we could also assume that the master inquiry was first established on October 30, 1994. Here, where there is room left for speculation, the date of appellant's first offense, which is an element of DWI, second offense, cannot be established beyond a reasonable doubt.

Because the double jeopardy clause precludes a second trial once we have found the evidence to be legally insufficient to support a verdict of DWI, second offense, *see Rogers, supra*, we are required to modify appellant's conviction of DWI, second offense, to DWI, first offense, and remand this case to the trial court for resentencing.

Affirmed as modified and remanded.

ROBBINS, C.J., and CRABTREE, J., agree.