**Michael D. AULT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Clara McDonald, Appellant,**

v.

**State of Alaska, Appellee.**

**Nos. A–8371, A–8409.**

Court of Appeals of Alaska.

July 18, 2003.

---

**13.** *See Joubert,* 20 P.3d at 1119 (quoting *Van Sandt,* 944 P.2d at 452).

Robert B. Downes, Downes, MacDonald & Levengood, Fairbanks, for Appellants.

Jason Gazewood, Assistant District Attorney, Teresa Foster, District Attorney, Fairbanks, and Barbara J. Ritchie, Acting Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

Michael D. Ault and Clara McDonald were each convicted of misdemeanor driving under the influence of an alcoholic beverage (DUI).[1] Each had prior DUI convictions, so they were subject to the mandatory minimum sentencing provisions of AS 28.35.030(b). The district court found that under AS 28.35.030, as amended in 2001, it had to take into account all the appellants' prior DUI convictions, even those that had occurred more than ten years prior to the appellants' current offenses. Ault and McDonald appeal, claiming that the district court erred when it considered all their prior DUI convictions. Based on the legislative history of the 2001 amendment, we agree with the district court.

### Facts and discussion

Ault was arrested for DUI on February 16, 2002. On May 22, 2002, he pleaded no contest to one count of misdemeanor DUI. His only prior conviction for DUI was in 1984. District Court Judge Joseph W. Miller sentenced Ault to the mandatory minimum term for a second-time DUI offender. On appeal, Ault claims that he should have been considered a first-time DUI offender.

McDonald was arrested for DUI on April 30, 2002. On July 3, 2002, she pleaded no contest to this charge. She had prior DUI convictions in 2000, 1982, and 1981. Judge Miller sentenced her as a fourth-time DUI offender. On appeal, she claims that she should have been considered a second-time DUI offender.

The appellants claim that when the legislature amended AS 28.35.030 in 2001, it did not intend courts to count DUI offenses that were more than ten years old in determining mandatory minimum DUI sentences. But the legislative history of the 2001 amendment does not support the appellants' position; in fact, the history demonstrates that the legislature intended mandatory minimum DUI sentences to be based on all of a defendant's prior DUI convictions.

The former version of AS 28.35.030 had two "look back" periods: one was five years,[2] and the other was ten.[3] The five-year "look back" was used to determine whether a defendant was guilty of a felony—under this "look back," a person who was convicted of DUI and had been previously convicted "two or more times within the five years preceding the date of the present offense was guilty of a class C felony." [4]

The ten-year "look back" was used to define "previously convicted." [5] Under former AS 28.35.030, "previously convicted" meant "having been convicted of [driving under the influence, refusal to submit to a chemical test, or operating a commercial vehicle while intoxicated] in this or another jurisdiction, within 10 years preceding the date of the present offense." [6] This ten-year "look back" was used to determine mandatory minimum sentences for both misdemeanor and felony DUI convictions.[7] Under this definition, any DUI conviction that occurred more than ten years before a defendant's present offense was not considered when determining mandatory minimum misdemeanor or felony DUI sentences.

1. AS 28.35.030.

2. Former AS 28.35.030(n) (2000).

3. Former AS 28.35.030(o)(4) (2000).

4. Former AS 28.35.030(n) (2000).

5. Former AS 28.35.030(o)(4) (2000).

6. *Id.*

7. Former AS 28.35.030(b)(1) and (n)(1) (2000).

Alaska's drunk driving laws, however, were significantly revised in 2001. During the 2001 session, Representative Norman Rokeberg sponsored House Bill 4. Among other things, the legislation amended the name of the offense to "driving under the influence" rather than "driving while intoxicated," reduced the legal limit for the statutory breath alcohol content from .10 to .08 percent, expanded the felony "look back" period from five years to ten, and redefined "previously convicted" by removing the language that limited consideration of previous convictions to the prior ten years.

Addressing the proposed changes to the two "look back" periods, Representative Rokeberg said that the bill phased in a ten-year "look back" period to determine if a person was guilty of a felony, replacing the then-current five-year "look back" period. He said that the bill drafters had initially considered repealing both "look back" periods but had rejected that idea because the fiscal notes went "right through the roof." [8] That is, it would be too expensive for the state to treat all third-time DUI offenders as felons.

In addition, Representative Rokeberg told the House Transportation Committee that House Bill 4 was based on recommendations made by the Municipality of Anchorage's DUI Prevention Task Force.[9] He reaffirmed this statement two months later when he told the Senate Judiciary Committee that House Bill 4 was the result of the Task Force's recommendations.[10]

The Municipality of Anchorage DUI Task Force "Final Report" called for making all "third and subsequent DUIs felonies by eliminating 'look back' provisions." [11] In the report's discussion section, the Task Force said:

> This recommendation emphasizes the increased focus on repeat offenders. Pres-

ent state law (AS 28.35.030) provides for five-year and ten-year parameters that exclude consideration of prior offenses when considering charges and sentencing for drunken driving convictions. The consensus of the Task Force is that the elimination of the previous convictions is not in the public interest. Repeat offenders should be held to a level of *lifelong accountability.*[12]

Additionally, in a later section of the Task Force's final report, the "Current Laws" subcommittee repeated the recommendation that the State "[a]bandon [the] 10 years framework regarding previous convictions" [13] and that "[a]ll third and subsequent lifetime [DUIs] be felonies." [14]

The view that the 2001 amendments to the DUI laws would bring life-long accountability for DUI convictions was emphasized by at least one witness who addressed the fiscal costs involved in imposing a life-long "look back." In March 2001 the Department of Corrections's Program Coordinator/Legislative Liaison, when explaining the fiscal impact of House Bill 4's life-long "look back," said that:

> Under [the] current statute, a person who commits a second offense within ten years is considered a second-time offender, but if that person's first offense had occurred further back than ten years, he [or] she is treated as a first-time offender. *Section 32 would remove that ten-year look-back; thus all second offenses would be treated as such, regardless of how long ago they occurred.*[15]

The fact that the amended statute would create a life-long "look back" was also made clear when the senate addressed this new legislation. During Senate Judiciary Committee discussion of House Bill 4, Committee Chairman Robin Taylor asked whether removing the "ten year" language from AS

8. *See* Committee Minutes, House Transportation Standing Committee (February 22, 2001).

9. *Id.*

10. *See* Committee Minutes, Senate Judiciary Committee (May 5, 2001).

11. Final Report of the DUI Prevention Task Force, Municipality of Anchorage, at 5 (October 30, 2000).

12. *Id.* at 8 (emphasis added).

13. *Id.* at 37.

14. *Id.*

15. Committee Minutes, House Judiciary Committee (March 16, 2001) (testimony of Candace Brower) (emphasis added).

28.35.030($o$)(4) meant that the "look back" period would apply forever.[16] Assistant Attorney General Dean Guaneli confirmed that the proposed bill would remove this ten-year period, thus making defendants responsible for all their prior DUI convictions.[17]

Based on this history, we conclude that when the legislature amended AS 28.35.030 in 2001, it intended to expand the five-year "look back" used to determine felony offenses, and to completely repeal the ten-year "look back" used to define "prior convictions." By removing the ten-year period from the definition of "previous conviction," the legislature created a life-long "look back" for DUI sentencing purposes.

Our conclusion is supported by the fact that had the legislature not redefined "prior conviction" to extend back beyond ten years, a significant section of the current statute would be superfluous or meaningless.[18] Currently, AS 28.35.030 provides misdemeanor penalties for first-, second-, third-, fourth-, and more than fourth-time DUI offenders.[19] But, under the interpretation urged by Ault and McDonald, there could not be third-, fourth-, or more than fourth-time misdemeanor convictions. If both the misdemeanor and the felony sentencing relied on the same ten-year "look back," all third-time DUI offenders within this "look back" would be chargeable as felons. As written, the current misdemeanor sentencing provisions are meaningful only if courts are supposed to take into account *all* of a defendant's prior DUI convictions. By repealing the ten-year period from the definition of "prior convictions," the legislature ensured that the statute's misdemeanor and felony sentencing sections were consistent with each other.

Appellants also claim that because the "legislative history demonstrates that even the [legislators] were unsure of the effect that was made by [the] change in the law," this change should be strictly construed in their favor. However, the legislative history shows that the legislature was fully aware that the amended statute would create a life-long "look back" for DUI sentencing purposes.

Accordingly, Judge Miller correctly took into account all of Ault's and McDonald's prior DUI convictions when sentencing each of them to their mandatory minimum terms of incarceration. Ault was a second-time DUI offender, and McDonald was a fourth-time DUI offender.

*Conclusion*

The decisions of the district court are AFFIRMED.

---

16. *See* Committee Minutes, Senate Judiciary Committee (May 5, 2001).

17. *See id.*

18. *See* 2A Norman J. Singer, *Sutherland Statutory Construction* § 46.06, at 181–90 (6th ed. 2000) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void, or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.").

19. AS 28.35.030(b)(1)(A)-(F).