**Byron S. SMITH, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8510.

Court of Appeals of Alaska.

Jan. 9, 2004.

Amanda M. Skiles, Law Office of Dennis McCarty, Ketchikan, for Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

COATS, Chief Judge.

Byron S. Smith appeals his conviction and sentence for felony driving while intoxicated (DWI).[1] Smith contends that he was subjected to an illegal investigative stop, and that all evidence flowing from that stop should have been suppressed. For the reasons explained here, we hold that the investigative stop was justified by the facts known to the police.

Smith also contends that his sentence is flawed because the superior court, relying on Smith's prior felony DWI conviction from Arkansas, ruled that Smith was a second felony offender for presumptive sentencing purposes. Smith contends that the Arkansas definition of felony DWI is significantly different from the Alaska definition of felony DWI, and that therefore his Arkansas conviction should not have been counted as a prior felony. For the reasons explained here, we agree with Smith that his Arkansas felony conviction should not have been treated as a prior felony for presumptive sentencing purposes, and that Smith therefore should have been sentenced as a first felony offender.

*The investigative stop was supported by reasonable suspicion to believe that Smith was driving while intoxicated*

At 8:18 p.m. on April 30th, 2002, the Ketchikan Police Department received a telephone call reporting that "there was an intoxicated man getting into a white Toyota Tercel, Arkansas license 599 GHN, on Mission Street near the Five and Dime store." Officer Bryan Perez received this report, and he saw the Toyota parked at the side of the road as he turned onto Mission Street. As Officer Perez approached, the Toyota pulled away from the curb. Officer Perez then pulled over the Toyota.

Officer Perez approached the vehicle and made contact with Smith. After talking to Smith, Officer Perez determined that Smith was intoxicated. He arrested him for driving while intoxicated and transported him to the Ketchikan Police Department, where Smith submitted to a breath test. The breath test produced a reading of .225 percent breath alcohol concentration.

Smith had four prior convictions in Arkansas for driving while intoxicated. Three of these prior convictions were misdemeanors, and one was a felony. Based on these prior convictions, the State indicted Smith for felony DWI.

Smith filed a motion to suppress all of the evidence that the police obtained during and after the investigative stop of his car. He claimed that the anonymous phone call to the police station did not provide reasonable suspicion to allow Officer Perez to stop his car. The superior court denied Smith's motion. Smith renews his argument on appeal.

█ Smith's case is controlled by *Effenbeck v. State.*[2] In *Effenbeck*, a police dispatcher received a call from an anonymous informant who stated that "a brown Ford, Alaska license number BJL–777, stopped and bought fuel at a Union 76 station, then head-

---

1. AS 28.35.030(n).

2. 700 P.2d 811 (Alaska App.1985).

ed north on the Kenai Spur Highway, and that the driver was intoxicated."[3] The dispatcher relayed this information to a Kenai police officer.[4] This officer eventually located the car in the parking lot of a bar.[5] When the car pulled back onto the highway, the officer immediately stopped it.[6] The traffic stop occurred twenty-two minutes after the dispatcher had relayed the information to the officer.[7]

This court held that the traffic stop was supported by reasonable suspicion.[8] We concluded that it was reasonable to infer from the telephone report that a citizen informant had personally seen Effenbeck at a gas station and had concluded that Effenbeck was intoxicated.[9] We noted that the informant accurately described the car, and that the police located the car shortly thereafter.[10] We observed that "[w]hile a statement that a driver was intoxicated is in part conclusory, it is the kind of shorthand statement of fact that lay witnesses have always been permitted to testify to in court."[11]

■ Smith's case is similar to *Effenbeck*. According to the telephone report received by the Ketchikan police, the informant saw an intoxicated man getting into a white Toyota. From the detail of the informant's description of the vehicle and its current location, it was reasonable for the police to infer that the informant had a good view of Smith and was reporting something that he actually and recently saw. The report was certainly not stale. Officer Perez immediately spotted the Toyota, so he was able to corroborate the location of the Toyota. As we noted in *Effenbeck*, a situation where the police receive a credible report that someone is driving while intoxicated requires immediate police action to prevent dangerous conduct and presents an exigent circumstance. The information

that Officer Perez received was sufficiently credible to justify his stop of Smith's car. We accordingly uphold Judge Thompson's decision denying Smith's motion to suppress.

*Smith's prior Arkansas conviction for felony driving while intoxicated should not have been treated as a prior felony for presumptive sentencing purposes*

Smith had four prior DWI convictions from Arkansas; one of these convictions was entered in December 1993, two more were entered in January 1997, and the fourth was entered in December 1997. Smith concedes that, because of these prior DWI convictions from Arkansas, his current Alaska DWI offense was properly treated as a felony under AS 28.35.030(n). That is, Smith concedes that Arkansas's definition of DWI is similar to Alaska's, so that Arkansas DWI convictions constitute "prior convictions" under the definition contained in AS 28.35.030(r)(4). Because of this Smith further concedes that he had been convicted of DWI at least two times on or after January 1, 1996, and within the ten years preceding his current Alaska DWI offense—the predicate for a charge of felony DWI under AS 28.35.030(n).

■ In Alaska, felony DWI is a class C felony.[12] A "second felony offender"—that is, a defendant who has one prior felony conviction[13]—is subject to a 2–year presumptive term.[14] The question in this case is whether Smith should have been treated as a second felony offender.

Smith's fourth Arkansas DWI conviction was a felony under Arkansas law. Because of this, the Ketchikan superior court ruled that Smith was a second felony offender, and that Smith therefore faced a 2–year presumptive term.

**3.** *Id.* at 812.

**4.** *Id.*

**5.** *Id.*

**6.** *Id.*

**7.** *Id.*

**8.** *Id.* at 812–15.

**9.** *Id.* at 814–15.

**10.** *Id.* at 813–15.

**11.** *Id.* at 813.

**12.** AS 28.35.030(n).

**13.** AS 12.55.185(12).

**14.** AS 12.55.125(e)(1).

But not all felony convictions from other states qualify as prior felonies for purposes of Alaska's presumptive sentencing laws. Alaska Statute 12.55.145(a)(1)(B) declares that the out-of-state conviction must be for "an offense having elements similar to those of [an Alaska] felony[.]"

Smith does not dispute that the Arkansas definition of driving while intoxicated is similar to Alaska's definition of that offense. But Smith argues that his Arkansas conviction for felony DWI should not have been treated as a felony for presumptive sentencing purposes in Alaska—because Arkansas defines *felony* DWI in a way that differs from Alaska's definition.

In order to understand the discussion that follows, one must know the history of Smith's four DWI convictions from Arkansas:

|  | Date of Offense | Date of Conviction |
|---|---|---|
| 1st offense | August 27, 1993 | December 8, 1993 |
| 2nd offense | September 8, 1995 | January 20, 1997 |
| 3rd offense | September 23, 1995 | January 20, 1997 |
| 4th offense (treated as a felony) | February 17, 1996 | December 16, 1997 |

At the time of Smith's fourth Arkansas DWI conviction (December 1997), Arkansas law stated that a person was guilty of felony DWI if the person had three prior DWI offenses within the three years preceding their current offense.[15] In two respects, this Arkansas statute was substantially stricter than the corresponding 1997 version of Alaska's felony DWI statute. Our statute, AS 28.35.030(n), did—and still does—require proof of only two prior DWI convictions. And, in 1997, AS 28.35.030(n) gave the government a much longer "look—back" period—five years, compared to the three years specified by the Arkansas statute.[16] (Since 1997, both Arkansas and Alaska have enlarged their "look-back" periods. Arkansas now has a five-year period, while Alaska now has a ten-year period for convictions entered on or after January 1, 1996.[17]).

However, the Alaska felony DWI statute is stricter than the Arkansas statute in one respect. When determining whether a defendant has the necessary number of prior convictions within the specified "look-back" period, the Arkansas statute focuses on the date when the defendant's prior offenses were *committed*. The Arkansas Supreme Court held, in *Rogers v. State*,[18] that for purposes of penalty enhancement, a DWI conviction relates back to the date when the criminal act was committed—"[a]ccordingly, ... the dates the offenses were committed are the determinative dates."[19]

The Alaska felony DWI statute, on the other hand, focuses on the dates when the defendant was *convicted*. Under AS 28.35.030(n), the State must show that the defendant "has been previously convicted two or more times ... within the [five or ten] years preceding the date of the [defendant's] present offense." That is, the State must show that the defendant committed the current DWI offense after the defendant's second (or subsequent) conviction was entered.

Given the facts of Smith's case, this distinction has important consequences. Under Arkansas law, Smith's fourth DWI was punished as a felony because (a) Smith had three prior convictions for DWI, and (b) those three prior DWI's were *committed* within the three years preceding his February 1996 offense. But if Smith had committed these same offenses in Alaska, his fourth DWI

---

**15.** Former Ark.Code Ann. § 5–65–111(b)(3) (1997); *see Peters v. State*, 286 Ark. 421, 692 S.W.2d 243, 245 (1985) (holding that the existence of the defendant's three prior offenses within the pertinent "look-back" period is an element of the felony offense under Arkansas law).

**16.** *Compare* AS 28.35.030(n) (1997), *with* Ark. Code Ann. § 5–65–111(b)(3) (1997).

**17.** *Compare* AS 28.35.030(n), *with* Ark.Code Ann. § 5–65–111(b)(3)(A).

**18.** 293 Ark. 414, 738 S.W.2d 412 (1987).

**19.** *Id.* at 413, 738 S.W.2d 412; *see also Johnson v. State*, 55 Ark.App. 117, 932 S.W.2d 347, 348 (1996) (interpreting a later version of the statute).

could not have been charged as a felony—because, at the time Smith committed his fourth DWI (in February 1996), he had only one prior DWI conviction within the preceding five years—the conviction entered on December 8, 1993.

When assessing a defendant's status as a recidivist for purposes of statutes imposing enhanced punishment on repeat offenders, Alaska law has a long history of focusing on the date of the defendant's prior conviction as opposed to the date on which the defendant committed the prior offense.

For example, in *State v. Carlson*,[20] the Alaska Supreme Court interpreted a former statute that established a system of progressively increasing penalties for defendants who had been previously convicted of felonies.[21] The supreme court concluded that two prior felony convictions entered on the same day could only be counted as one prior felony for purposes of this habitual offender statute.[22] The court reasoned that, in such instances, the defendant had faced only one judicial confrontation over his misconduct and had only one opportunity for reformation.[23]

The following year, the supreme court applied a similar construction to former AS 17.10.200, a statute that provided enhanced penalties for defendants convicted of a second narcotics-related felony. In *Gonzales v. State*,[24] the court held that the enhanced sentencing provision would apply only if the defendant's conviction for the initial offense occurred prior to the defendant's commission of the second offense.[25]

In *State v. Rastopsoff*,[26] this court relied on the supreme court's decisions in *Carlson* and *Gonzales* when we interpreted the statutory definition of "third felony conviction" for presumptive sentencing purposes.[27] We held

that, in order to qualify as a third felony offender, defendants must have committed their current felony offense after having been convicted of two prior felonies.[28]

*Carlson*, *Gonzales*, and *Rastopsoff* demonstrate an important presumption of Alaska law: before a defendant's sentence can be enhanced based on a prior offense, the government ordinarily must prove that the defendant was judicially confronted with his prior misconduct and was given an opportunity for reformation before the defendant committed the current offense. When we apply this policy to the definition of felony DWI codified in AS 28.35.030(n), we conclude that, in order to convict a defendant of felony DWI, the State must prove that the defendant committed his current offense after having been convicted of two prior offenses.

(But, as we indicated in *Rastopsoff*, a defendant who has been convicted of two separate prior offenses will be a third offender if he commits another offense, even if the convictions for the defendant's two prior offenses were entered on the same day.[29] The supreme court acknowledged and adopted our *Rastopsoff* analysis in *Tulowetzke v. Department of Public Safety*[30]—holding that, for purposes of determining whether a repeat DWI defendant is subject to an enhanced period of license revocation under AS 28.15.181(c), prior convictions arising from separate incidents must be counted as separate convictions, even though the trial court may have entered those convictions at the same time.[31])

Because Alaska law focuses on the dates of a defendant's prior convictions, while Arkansas law focuses on the dates of the conduct that led to those prior convictions, the question arises whether Smith's Arkansas convic-

**20.**   560 P.2d 26 (Alaska 1977).

**21.**   Former AS 12.55.050.

**22.**   *Carlson*, 560 P.2d at 28–29.

**23.**   *Id.* at 30.

**24.**   582 P.2d 630 (Alaska 1978).

**25.**   *Id.* at 636.

**26.**   659 P.2d 630 (Alaska App.1983).

**27.**   *See* AS 12.55.185(14).

**28.**   *Rastopsoff*, 659 P.2d at 641 & n. 11.

**29.**   *Id.* at 635–37.

**30.**   743 P.2d 368 (Alaska 1987).

**31.**   *Id.* at 371.

tion for felony DWI can be deemed a prior felony conviction for presumptive sentencing purposes under the definition contained in AS 12.55.145(a)(1)(B). In other words, given this difference between Arkansas and Alaska law, are the elements of felony DWI in Arkansas "similar" to the elements of felony DWI in Alaska?

We view this question as a difficult one, and the answer has consequences well beyond the resolution of Smith's case. We have conducted a survey of state law on this issue, and it appears that various states define felony DWI in the same way that Arkansas does—*i.e.*, by focusing on the dates of the conduct that gave rise to the defendant's prior convictions.[32] If we were to hold that Arkansas's definition of felony DWI is not sufficiently "similar" to Alaska's definition, this would mean that Alaska would not count felony DWI convictions from almost half the states in the union.

But we need not resolve this issue in order to resolve Smith's case. Rather, we decide Smith's case on narrower grounds. Given the dates of Smith's Arkansas offenses and the dates on which his corresponding Arkansas convictions were entered, it is clear that if Smith had accumulated this same criminal history in Alaska, neither his third DWI nor his fourth DWI could have supported a conviction for felony DWI under Alaska law.

Smith's third DWI was committed in September 1995, and his fourth DWI was committed in February 1996. At those times, Smith had only one prior DWI conviction: the conviction that was entered in December 1993.

As we have explained here, Alaska has long adhered to the policy that a defendant's status as a repeat offender hinges on the date of the defendant's prior conviction—so that a finding of recidivism will entail proof that the defendant was judicially confronted with his prior misconduct and had the opportunity for reformation before committing a repeat offense. We conclude that, regardless of whether Arkansas's definition of felony DWI is sufficiently "similar" to Alaska's definition to qualify as a prior felony conviction under AS 12.55.145(a)(1)(B), this longstanding policy obliges us to refuse to recognize a felony DWI conviction from another state if, given the dates of the defendant's out-of-state offenses and resulting convictions, the defendant could not have been convicted of felony DWI if he had accumulated the same criminal history in Alaska. For this reason, we conclude that Smith's Arkansas felony DWI conviction should not have been deemed a "prior felony conviction" for purposes of Alaska's presumptive sentencing laws. Smith should have been sentenced as a first felony offender, not a second felony offender.

We note, however, that all four of Smith's Arkansas DWI convictions count as prior convictions for purposes of determining Smith's minimum sentence under AS 28.35.030(n)(1).[33]

We emphasize that our decision affects Smith's sentencing in only one respect: Smith should have been treated as a first felony offender, with his sentencing governed by AS 12.55.125(k)(2), rather than as a second felony offender who was subject to the 2–year presumptive term prescribed in AS 12.55.125(e)(1). Even though Smith must be treated as a first felony offender for presumptive sentencing purposes, the sentencing judge remains entitled to consider Smith's criminal history when deciding the appropriate sentence. We express no opinion as to whether Smith's previously imposed sentence (2 years to serve) would be clearly mistaken if imposed again.

*Conclusion*

The superior court properly denied Smith's motion to suppress the evidence stemming from the investigative stop of his vehicle. However, Smith should have been sentenced as a first felony offender for presumptive sentencing purposes. We accordingly RE-

---

**32.** *See, e.g., State v. Petrello,* 251 N.J.Super. 476, 598 A.2d 927, 927–29 (App.1991); *Williams v. Commonwealth,* 265 Va. 268, 576 S.E.2d 468, 469–70 (2003).

**33.** *See Ault v. State,* 73 P.3d 1248, 1250–51 (Alaska App.2003), interpreting former AS 28.35.030(*o*)(4), *as amended by* ch. 63, § 11, SLA 2001 (This statute has now been renumbered as AS 28.35.030(r)(4).).

**18**

MAND Smith's case to the superior court for resentencing.