**John J. SHAW, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7561.**

Court of Appeals of Alaska.

Dec. 2, 1983.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

David C. Stewart, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

John Shaw was convicted of first-degree misconduct involving weapons, a class C felony. AS 11.61.200(a). He was sentenced as a third felony offender to a three-year presumptive term. AS 12.55.125(e)(2). He appealed the sentence contending that it was excessive. We vacated the sentence and remanded for further findings regarding alleged mitigating factors and Shaw's request that the case be referred to a three-judge sentencing panel. *See Shaw v. State,* Summary Disposition No. 117 (Alaska App., June 17, 1982).

On remand Judge Hodges referred the case to a three-judge panel consisting of Judges Carlson, Schulz and Buckalew. *See* AS 12.55.165. The panel found "nothing unusual" about the case and imposed the three-year presumptive term. Judge Carlson signed the amended judgment on behalf of the panel. Shaw appeals contending that the sentence is excessive. He argues that Judge Hodges erred in failing to find certain mitigating factors and that the three-judge panel erred in rejecting Judge Hodges' conclusion that imposition of the presumptive term would be manifestly unjust. We affirm the three-judge panel's decision, but conclude that the statute required Judge Hodges, rather than the panel, to formally impose sentence. We consequently vacate the sentence and remand to Judge Hodges for execution of the judgment.

## OFFENSE

The Barrow police contacted John Shaw at his home on February 1, 1981, as part of an investigation into alleged bootlegging. They asked Shaw whether there were any handguns in the house. He showed them a Ruger Blackhawk .357 caliber revolver he had hidden under his mattress. The next day Barrow police learned that Shaw was a convicted felon. They obtained a search warrant and returned to Shaw's house. They seized the gun under the mattress. Further investigation revealed that the gun was stolen from Stuaqpak General Store about four months earlier.

Shaw was charged with misconduct involving weapons in the first degree, a class C felony, AS 11.61.200(a)(1), (f), and theft in the third degree. AS 11.46.140. The theft charge was dismissed and Shaw pled no contest to the weapons charge. He was first sentenced on May 6, 1981, to three years' imprisonment.

Shaw testified at length at the original sentencing hearing before Judge Hodges. He stated that he had never received a copy of his probation conditions and that he had never been told by his probation officer that he could not possess a firearm. This testimony was contradicted in part by a copy of the judgment which listed the probation conditions including the prohibition against firearms and bore Shaw's signature and fingerprint. Shaw testified that he had borrowed the gun only a few weeks before the police found it in order to go hunting. There was also testimony that Shaw had attempted to purchase a gun at the general store in Barrow at an earlier time and had been told by the clerk that as a convicted felon he could not purchase a gun. Judge Hodges concluded that no mitigating factors applied. Judge Hodges expressed some uncertainty about the appropriateness of referring the matter to a three-judge panel. He therefore imposed the presumptive sentence. We issued an unpublished decision remanding the case. *Shaw v. State,* Summary Disposition No. 117 (Alaska App., June 17, 1982). We concluded that in the interests of justice the matter should be remanded so that Judge Hodges could more fully set out his reasons for not finding the mitigating factors alleged, and for not referring the matter to the three-judge panel. On reconsideration Judge Hodges adhered to his conclusion that no mitigating factors were present, but concluded that it would be manifestly unjust for Shaw to receive the presumptive term. The matter was therefore referred to the three-judge panel. The three-judge panel heard evidence and disagreed with Judge Hodges' conclusion that the three-year sentence was manifestly unjust. The court found no extraordinary circumstances and expressed substantial doubt that Shaw was honest in his statement that the .357 handgun was to be used for hunting.

## THE OFFENDER

Shaw was forty-three at the time of this crime. He had lived in Barrow since May, 1980, and worked as a laborer with the North Slope Borough Sanitation Department. His employment history includes a six-year stint as a truckdriver in Missouri, as well as short-term jobs as a janitor, auto body repairman, and foundry worker. Shaw has a tenth grade education, and received an honorable discharge from the army. He is married and is the father of five children but has been separated from his wife for a number of years.

In 1973 Shaw was found guilty of two counts of burglary not in a dwelling and two counts of larceny in a building, arising out of two incidents in October of 1972. Shaw and a fellow janitor at a shopping mall were accused of stealing several pairs of slacks from a clothing store in the mall. Shaw has always denied responsibility for these thefts. He was scheduled to be sentenced for that offense on April 10, 1973. After telling his niece he was not going to go to jail for something he did not do, Shaw left Alaska and did not appear at the sentencing. For six years he lived and worked in St. Louis where he had family ties. He did not attempt to disguise his identity or conceal his whereabouts in any way, and was not involved in any further criminal activity.

In September of 1978, Shaw returned to Fairbanks. Again he did not attempt to hide from authorities. In December, 1979, he was stopped for operating a vehicle with a defective taillight. After a routine check revealed that he was a fugitive from justice, Shaw was arrested. In March of 1980, he was sentenced to two concurrent two-year suspended impositions of sentence for the 1973 burglary and theft convictions.

Shaw was indicted in February of 1980 for failing to appear at the 1973 sentencing, a felony, in violation of AS 12.30.060(1). He was found guilty and sentenced to three years' imprisonment with two years suspended. He appealed that sentence and we affirmed. *Shaw v. State,* 634 P.2d 381 (Alaska App.1981).

## DISCUSSION

■ Shaw argues that the three-judge panel erred in not accepting Judge Hodges'

conclusion that a three-year sentence would work a manifest injustice in light of Shaw's record and the circumstances of his offense. Shaw concedes that a three-judge panel has the power to review a sentence de novo and exercise independent judgment on any evidence not before the trial judge. He contends, however, that when the panel decides a case on the record and does not consider additional evidence, it is bound by the trial judge's finding that the presumptive sentence would work a manifest injustice unless that finding is not supported by substantial evidence.

Shaw's argument finds some support in *Pan American Petroleum Corp. v. Shell Oil Co.,* 455 P.2d 12, 20–21 (Alaska 1969) and *Keiner v. Anchorage,* 378 P.2d 406, 410 (Alaska 1963), where the supreme court gave this interpretation to former AS 22.-10.020(a). We, nevertheless, reject Shaw's argument and find *Pan Am* and *Keiner* inapplicable. In deciding those cases the supreme court concluded that the legislature intended administrative agencies rather than judges to have primary responsibility for the decision of administrative law cases. The superior court was intended to be an appeals court, not a court of first instance.

On the other hand, the legislature intended the three-judge panel to function as a sentencing court, and not an appellate court. Although, in typical cases, a single judge will sentence an offender within the presumptive sentencing framework, a three-judge panel is to have primary authority in sentencing offenders where exceptional circumstances require deviation from the statutory structure. It is true that the trial court must initially determine the question of manifest injustice and thus the propriety of referring the case to a three-judge panel. AS 12.55.165. It is also clear, however, that the legislature intended the panel to ultimately decide the question de novo, with freedom to consider evidence that was not before the trial court. AS 12.55.175(b).

Invoking the administrative law analogy, the trial judge stands in the shoes of an administrative law judge recommending a decision to an agency while the panel stands in the shoes of the agency. An agency must consider the recommendation as part of the record but is not bound by it and can, in deciding the matter de novo, reach the opposite conclusion. *See Universal Camera Corp. v. NLRB,* 340 U.S. 474, 492–97, 71 S.Ct. 456, 466–69, 95 L.Ed. 456, 469–72 (1951) (NLRB not bound by examiner's findings in unfair labor practice case; Board's rejection of examiner's findings irrelevant when Court of Appeals determines that Board's findings are supported by substantial evidence); 3 K. Davis, *Administrative Law* § 17:16, at 327 (2d ed. 1980). It appears that the Alaska Supreme Court recognized the panel as a trial court, not a reviewing court, when it gave the parties the right to peremptorily challenge a member of the panel. Alaska R.Crim.P. 32(d)(4). To hold that the trial court's findings regarding manifest injustice bind the three-judge panel unless they are clearly mistaken would defeat the legislative goal of having all offenders subject to presumptive sentencing receive a presumptive sentence unless a three-judge panel freely concurs with the trial judge's finding that the case is exceptional.

We therefore conclude that the three-judge panel may independently judge whether manifest injustice would result from imposition of the presumptive sentence adjusted for all applicable aggravating and mitigating factors. On appeal we will apply the clearly mistaken test in evaluating the three-judge panel's conclusions. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

■ Shaw contends that the three-judge panel was clearly mistaken in rejecting a finding of manifest injustice. We disagree. We are not prepared to say that Judge Hodges' conclusion that manifest injustice would follow imposition of the presumptive sentence was necessarily mistaken. We believe, however, that reasonable people could differ on this issue. The three-judge panel may have concluded that Shaw's criminal history, his failure to appear for sentencing,

and the circumstances surrounding his possession of the handgun manifested a contempt for the law warranting a severe sentence. Thus we cannot say that the panel was clearly mistaken in determining that the presumptive sentence was not manifestly unjust. We therefore affirm Shaw's sentence.

▪ Shaw also contends that Judge Hodges erred in failing to find: (1) that his conduct was among the least serious included in the definition of the offense, AS 12.-55.155(d)(9), and (2) that the harm caused by all of his criminal activity was minor, and inconsistent with any substantial period of imprisonment, AS 12.55.155(d)(13). To provide guidance in the future, we reach these questions at this time.

Shaw argues that mere possession of a handgun is clearly the least serious conduct included within the definition of the offense of misconduct involving weapons. AS 11.-61.200 provides:

> (a) A person commits the crime of misconduct involving weapons in the first degree if the person
>
> (1) knowingly possesses a firearm capable of being concealed on one's person after having been convicted of a felony....

In determining whether Shaw's offense was the least serious he argues that we should examine the purpose of the statute. In *Davis v. State,* 499 P.2d 1025, 1038 (Alaska 1972), *rev'd on other grounds,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the court said: "The purpose of the felon in possession statute is to prevent the concealment and use of firearms in violent crime." The statute is analogous to an attempt statute except that it permits punishment before the defendant has an opportunity to use the handgun for a criminal purpose. Shaw contends that there is no evidence that he intended to use the handgun for an illegal purpose. Shaw testified that he used the gun for hunting. Judge Carlson reasonably noted, however, on behalf of the panel, that handguns are not normally used for that purpose. In addition, Shaw vigorously argued at his original sentencing that

he was unaware that felons could not possess firearms because he never received a copy of his order of judgment and probation. As we have seen, however, this testimony was impeached by production of a copy of the judgment bearing Shaw's signature.

On balance while we agree that Shaw's conduct was not among the most serious within the definition of the offense, *i.e.,* conduct approaching an attempt to commit another crime, the panel could legitimately conclude that it was not the least serious. After being told he could not purchase a handgun he still possessed one. The gun was stolen and he was suspected of the theft. He was also suspected of bootlegging, an illegal activity in which use or possession of a gun is not uncommon. Judge Hodges did not err in concluding that Shaw failed to prove by clear and convincing evidence that his conduct was among the least serious contemplated in the definition of the offense.

Moreover, we cannot say that "the harm caused by [Shaw's] conduct is consistently minor and inconsistent with the imposition of a substantial period of imprisonment." AS 12.55.155(d)(13). As we indicated earlier, we believe that a review of Shaw's entire criminal record supports a finding by the three-judge panel and by Judge Hodges that Shaw's conduct exhibits contempt for the law and law enforcement warranting a substantial sanction. Judge Hodges did not err in concluding that a substantial sentence was justified in this case.

▪ Finally, Shaw argues that he was improperly sentenced as a third felony offender. He notes that he received a suspended imposition of sentence for his first felony. Consequently he contends that since no sentence was ever in fact imposed, he did not suffer a conviction which could be used against him for purposes of recidivist sentencing. He relies on *Sawyer v. State,* 663 P.2d 230 (Alaska App.1983), in which we held that, in the context of presumptive sentencing, a person has not been convicted of a felony until he has been

sentenced for that felony. Shaw misconceives the holding of *Sawyer.* When we used the terms "sentence" and "sentencing" in *Sawyer,* we were obviously referring to a disposition hearing during which the trial court reviews the crime and the defendant's participation in it, evaluates the presentence report and selects an appropriate disposition. The hearing preceding the imposition of a suspended sentence clearly qualifies as a disposition hearing. It is therefore a "sentencing" as that term was used in *Sawyer.* Consequently, we conclude that a person who receives a suspended imposition of sentence has been convicted of a felony for purposes of subsequent recidivist proceedings under the presumptive sentencing statutes, at least where the defendant's record has not subsequently been expunged. *Cf. Tuten v. United States,* —— U.S. ——, ——, 103 S.Ct. 1412, 1416, 75 L.Ed.2d 359, 365 (1983) (drawing distinction between probation and discharge in Federal Youth Corrections Act recidivist proceeding).

■ In this case the three-judge panel rejected Judge Hodges' conclusion that a presumptive sentence for Shaw would be manifestly unjust and entered a judgment sentencing Shaw to the presumptive term. In so doing the panel overlooked AS 12.55.-175(b), which provides in part: "If the panel does not find that manifest injustice would result, it shall remand the case to the sentencing court, with a written statement of its findings and conclusions, for sentencing under AS 12.55.125." Neither Shaw nor the state questioned this action by the three-judge panel. Nevertheless we conclude that it was clearly illegal and therefore plain error for the three-judge panel to purport to sentence Shaw absent a finding of manifest injustice. We therefore vacate the sentence imposed by the three-judge panel and remand this case to the trial court "for sentencing under AS 12.55.125." *Heathcock v. State,* 670 P.2d 1155 (Alaska App., 1983).

The judgment and sentence of the superior court and the three-judge panel is AFFIRMED in part and REVERSED in part and the case is REMANDED to the trial court for further proceedings consistent with this opinion.