Edward A. **WOOLEY**, Appellant,

v.

**STATE of Alaska,** Appellee.

No. A–9335.

Court of Appeals of Alaska.

May 18, 2007.

Colleen A. Libbey, Libbey Law Offices, Anchorage, for the Appellant.

Anne D. Carpeneti, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

In 2002, Edward A. Wooley stole a jigsaw from a hardware store. The saw was valued at $289, so Wooley's crime would normally be third-degree theft (*i.e.,* theft of property valued at less than $500).[1] However, under AS 11.46.130(a)(6), such a theft is elevated to second-degree theft if "within the preceding five years, the [defendant] has been convicted and sentenced [for first-, second-, or third-degree theft] on two or more separate occasions".

The State alleged that Wooley had two prior convictions for second-degree theft— and that, accordingly, Wooley's act of stealing the jigsaw constituted second-degree theft. Wooley ultimately reached a plea bargain with the State; under the terms of this bargain, Wooley pleaded no contest to second-degree theft in exchange for the State's dismissal of other pending charges.

However, approximately 18 months later, Wooley (now represented by a new attorney) filed a petition for post-conviction relief in which he asserted that his second-degree theft conviction was unlawful because his prior theft convictions were too old to qualify for consideration under AS 11.46.130(a)(6). The superior court denied relief, and Wooley now appeals to this Court.

Wooley's attack on his second-degree theft conviction hinges on an ambiguity in the language of subsection 130(a)(6).

As explained above, this subsection declares that the theft of property valued at less than $500 is second-degree theft if "within the preceding five years, the [defendant] has been convicted and sentenced" for first-,

---

**1.** AS 11.46.140(a)(1).

second-, or third-degree theft at least twice. The question is whether a prior offense should be deemed to be "within the preceding five years" if (1) the defendant was *sentenced* for the prior offense within the five years preceding the defendant's commission of the current offense, but (2) the *finding of guilt* (either the jury's return of a guilty verdict, or the court's acceptance of the defendant's guilty plea) occurred more than five years before the commission of the current offense.

■ For the reasons explained here, we conclude that subsection 130(a)(6) refers to the date of the defendant's sentencing for the prior offense.

The pertinent facts of Wooley's case are easy to describe.

Wooley stole the jigsaw on February 12, 2002. At that time, Wooley had been convicted of theft on two previous occasions. On December 20, 1996, Wooley pleaded guilty to second-degree theft in case number 3PA–96–2379 Cr. Five weeks later, on January 24, 1997, while Wooley was awaiting sentencing in that case, he pleaded guilty to another second-degree theft in case number 3PA–96–1989 Cr. Wooley was sentenced for both of these offenses on March 28, 1997.

Thus, Wooley was sentenced for both of his prior thefts within the five years preceding his commission of the current theft on February 12, 2002. However, the dates on which he entered his pleas to these offenses—December 20, 1996 and January 24, 1997—are beyond the five-year window.

Subsection 130(a)(6) declares that an act of third-degree theft is raised to second-degree theft if the defendant "has been convicted and sentenced" for qualifying theft offenses within the preceding five years. Wooley argues that, because the legislature used both "convicted" and "sentenced" in this statute, the legislature must have been referring to two separate events: (1) the finding of guilt (*i.e.*, the court's acceptance of either the jury's verdict or the defendant's plea), and (2) the imposition of sentence. According to Wooley, the legislature intended to require proof that *both* of these events occurred within the preceding five years.

Wooley relies particularly on the following passage from this Court's decision in *Brant v. State*, 992 P.2d 590, 592 (Alaska App.1999):

The legislature frequently defines crimes in our criminal code on the basis of a defendant's criminal history. In some crimes, the legislature defines the crime to require not only that the defendant has been both "convicted," but that the defendant has been "convicted and sentenced." [Footnote citing the second-and third-degree theft statutes.] Thus, the legislature, in at least those crimes just noted, regarded a defendant's status as "sentenced" as a separate fact to be proven along with the defendant's status of "convicted."

Based on this passage from *Brant,* Wooley argues that this Court should now formally adopt the interpretation of AS 11.46.130(a)(6) that we implicitly adopted in *Brant.*

But this excerpt from *Brant* is not the language of the Court. Rather, it is the language of the individual judge who authored the main opinion. *Brant* was a two-to-one decision, with the present author concurring and Chief Judge Coats dissenting. Moreover, the concurring opinion expressly declares that it is based on a "differ[ent] ... approach to the question of statutory interpretation" from the one presented in the lead opinion. In other words, the portion of *Brant* that Wooley relies on—the passage that purports to interpret AS 11.46.130(a)(6)—represented the view of only one member of this Court.

■ Now that we are squarely presented with the issue of how to interpret AS 11.46.130(a)(6), we conclude that this statute should be interpreted in accordance with the longstanding principle of Alaska law that, when a statute imposes enhanced punishment for repeat offenders, a defendant's status as a repeat offender hinges on the date of the defendant's sentencing rather than the date on which the jury found the defendant guilty or the court accepted the defendant's guilty plea.

*See State v. Carlson,* 560 P.2d 26, 30 (Alaska 1977) (interpreting the "habitual criminal" statutes that were in force before the enactment of Alaska's current criminal code to

require proof that the defendant was sentenced for the prior offense before the defendant committed the present offense); *Gonzales v. State*, 582 P.2d 630, 636 (Alaska 1978) (applying this same rule to the provisions imposing enhanced punishment for repeat drug offenders); *State v. Rastopsoff*, 659 P.2d 630, 640–41 (Alaska App.1983), and *Sawyer v. State*, 663 P.2d 230, 232 (Alaska App.1983) (holding that, for purposes of determining a defendant's status under Alaska's presumptive sentencing laws, a defendant is not "previously convicted" of a felony unless the defendant has been sentenced for that felony); *Smith v. State*, 83 P.3d 12, 15–16 (Alaska App.2004) (applying the same rule to an out-of-state felony even though, under the law of that other state, the felony would have been counted as a prior conviction).

■ As we explained in *Smith*,

[prior Alaska cases on this point] demonstrate an important presumption of Alaska law: before a defendant's sentence can be enhanced based on a prior offense, the government ordinarily must prove that the defendant was judicially confronted with his prior misconduct and was given an opportunity for reformation before the defendant committed the current offense.

*Smith*, 83 P.3d at 16.

This principle of law does not, by itself, dispose of Wooley's argument. It is still conceivable that the legislature wanted to require the State to prove that the defendant's sentencing *and* the underlying finding of guilt *both* occurred within the previous five years. But Wooley has not suggested a plausible rationale for this proposed interpretation of the statute. That is, Wooley has not suggested a plausible reason why, in cases where a defendant's prior sentencings occurred within the preceding five years, the legislature would additionally insist on proof that the jury's verdicts, or the defendant's guilty pleas, were also entered within the preceding five years.

As we explained in *Smith*, the underlying rationale for imposing enhanced punishment on repeat offenders is the idea that a person is more blameworthy if they return to crime after being "judicially confronted with [their] prior misconduct and ... given an opportu-

nity for reformation". The judicial confrontation and the opportunity for reformation occur at (and following) the defendant's sentencing.

True, one might argue that a jury's return of its verdict or a defendant's act of pleading guilty constitute events in which defendants "confront" their wrongdoing in some fashion. But the "judicial confrontation" that we talked about in *Smith* is the sentencing hearing—the hearing in which a judge publicly assesses the defendant's criminal conduct, the defendant's history, the defendant's degree of blame, and the defendant's chances for rehabilitation. Likewise, a defendant's opportunity for reformation occurs at the close of the sentencing hearing, not when the jury returns its verdict or the defendant first enters their guilty plea.

For these reasons, we conclude that the date of a defendant's sentencing for a prior offense is the date that determines whether that prior offense falls within the five-year time period specified in AS 11.46.130(a)(6).

The judgement of the superior court is AFFIRMED.