Robert EBERHARDT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10546.

Court of Appeals of Alaska.

May 4, 2012.

Tracey Wollenberg, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

BOLGER, Judge.

In 2009, Robert Eberhardt was convicted of felony driving under the influence of alcohol. This offense required the State to prove that Eberhardt had two prior DUI convic-

tions within the preceding ten years. In this appeal, Eberhardt argues that one of his prior convictions was too old to be counted.

In 1994, Eberhardt was charged with driving under the influence in Cowlitz County, Washington. This charge remained unresolved for several years because Eberhardt was accepted into a deferred prosecution program. However, in 2004, after Eberhardt was charged with DUI in Oregon, Eberhardt's deferred prosecution in Washington was terminated, and he was convicted and sentenced for the 1994 offense.

The superior court ruled that Eberhardt's Washington deferred prosecution did not constitute a "conviction," and that his conviction occurred in 2004, within the ten years preceding his Alaska offense. Eberhardt contends that this ruling was wrong. He argues that, even though he was not found guilty and sentenced for the Washington offense until 2004, his conviction for this offense should be deemed to have occurred in 1994, when he was accepted into the deferred prosecution program.

For the reasons explained in this opinion, we conclude that Eberhardt was not convicted of the Washington offense until 2004, and thus his Washington offense was properly counted as one of the predicate prior offenses for his 2009 felony DUI conviction.

### Background

Eberhardt was arrested in Juneau on January 2, 2009. He was charged with felony DUI under AS 28.35.030(n) because his criminal history showed that he had a 2004 DUI conviction from Washington and a 2004 DUI conviction from Oregon.

Eberhardt moved to dismiss the indictment prior to trial. He did not submit any documentation from the Washington proceedings, but he claimed that he had been accepted into a deferred prosecution program in 1994. He argued that the 1994 order accepting him into the deferred prosecution program qualified as a conviction, outside of the ten-year look-back period for felony DUI. The State opposed, arguing that Eberhardt's Washington conviction and sen-

tencing did not occur until August 11, 2004, after Eberhardt was removed from the deferred prosecution program. Superior Court Judge Philip M. Pallenberg denied the motion, concluding that Eberhardt's acceptance into the deferred prosecution program did not constitute a conviction.

The trial jury found Eberhardt guilty of driving under the influence of alcohol. Then, in the second part of the bifurcated trial, the State presented documentary evidence of Eberhardt's prior convictions. The record from Washington showed that Eberhardt had been convicted and sentenced on August 11, 2004, to a term of 365 days imprisonment with 275 days suspended. Again, Eberhardt did not present any documentation that he had been admitted to the deferred prosecution program. But he testified that he entered the program in 1994 and that the 2004 entry in his criminal history indicated only that he had violated the terms of the program. He explained that the violation had not been enforced until 2004 because he had absconded from probation and moved to another state. The jury found that Eberhardt had two prior DUI convictions, and he was convicted of felony DUI. Eberhardt now appeals.

### Discussion

A person who commits the crime of driving under the influence of alcohol is guilty of felony DUI if they have been "previously convicted" within ten years preceding the date of their present offense.[1] A previous conviction includes a conviction "in this or another jurisdiction" for driving under the influence or a "violation of another law or ordinance with similar elements."[2]

The term "conviction" is not separately defined in the DUI statutes. In common usage, this term refers to the judicial act or judgment determining that a person is guilty of a crime.[3] When a criminal statute requires a "prior conviction" or a "previous conviction" to elevate a criminal sentence, the mere commission of a prior offense is insufficient. When a statute requires a prior conviction, the State must establish that a formal conviction was entered before the current offense.[4]

Of course, the legislature can define the effective date of a prior conviction by statute or allow the effective date to be established by regulation.[5] But in the absence of a statute defining the effective date of a prior conviction, there is a "longstanding principle of Alaska law that, when a statute imposes enhanced punishment for repeat offenders, a defendant's status as a repeat offender hinges on the date of the defendant's sentencing rather than the date on which the jury found the defendant guilty or the court accepted the defendant's guilty plea."[6]

We applied this principle to the felony DUI statute in *Bradley v. State*.[7] In *Bradley*, the defendant pleaded no contest to a prior DUI offense more than ten years before he committed his current offense.[8] But the date Bradley was sentenced was within

---

1. AS 28.35.030(n).

2. AS 28.35.030(u)(4).

3. *See Black's Law Dictionary* 358 (8th ed.2004); *see also Kelly v. State*, 663 P.2d 967, 971 (Alaska App.1983) (noting that the term "conviction" can be used to denote the finding of guilt prior to the entry of judgment).

4. *See Gonzales v. State*, 582 P.2d 630, 636 (Alaska 1978); *State v. Carlson*, 560 P.2d 26, 30 (Alaska 1977). *Gonzales* and *Carlson* were superseded on other grounds by ch. 143, §§ 32–34, SLA 1982. *See Linn v. State*, 658 P.2d 150, 152 (Alaska App.1983).

5. *See* AS 12.55.145(f); *State v. Otness*, 986 P.2d 890, 891–92 (Alaska App.1999) (applying a regulation that defined "conviction" for purposes of

sex offender registration as the entry of a guilty or no contest plea or a guilty finding by a court or jury).

6. *Wooley v. State* (*Wooley I*), 157 P.3d 1064, 1065 (Alaska App.2007) (citing *Smith v. State*, 83 P.3d 12, 15–16 (Alaska App.2004); *Sawyer v. State*, 663 P.2d 230, 232 (Alaska App.1983); *State v. Rastopsoff*, 659 P.2d 630, 640–41 (Alaska App.1983), superseded on other grounds as recognized in *Wooley v. State* (*Wooley II*), 221 P.3d 12, 16–17 (Alaska App.2009); *Gonzales*, 582 P.2d at 636; *Carlson*, 560 P.2d at 30).

7. 197 P.3d 209 (Alaska App.2008).

8. *Id.* at 217.

the ten-year look-back period.[9] We explained the principle involved by quoting from prior similar cases:

> [T]he underlying rationale for imposing enhanced punishment on repeat offenders is the idea that a person is more blameworthy if they return to crime after being "judicially confronted with [their] prior misconduct and ... given an opportunity for reformation." The judicial confrontation and the opportunity for reformation occur at (and following) the defendant's sentencing.[10]

Based on this principle, we concluded that Bradley's liability for felony DUI should be based on the date of his sentencing hearing rather than the date of his no contest plea.

██ In this case, both the wording of the Washington deferred prosecution statute and the court decisions interpreting that statute establish that a deferred prosecution is not considered to be a conviction. Under the 1994 version of the deferred prosecution statute, a judge could accept a defendant for deferred prosecution if the defendant agreed to comply with a plan for alcohol, drug, or mental health treatment.[11] The docket entry would be noted in the defendant's driving record.[12] But the statute made it fairly clear that this entry would not be treated the same as a criminal judgment: "The entry is not a conviction."[13] And if the defendant successfully completed the treatment program, then the court was required to dismiss the pending charges.[14]

The Washington courts have addressed the legal effect of a deferred prosecution on numerous occasions and have held that the "record of a DUI charge and deferred prosecution is not analogous to a prior conviction."[15] Instead, a deferred prosecution referral gives an offender "an opportunity to avoid conviction if they successfully complete treatment."[16] In other words, "[t]o accept deferred prosecution is, by definition, to leave adjudication by plea or trial to a later time."[17]

██ Since a deferred prosecution is not a conviction, an order placing a defendant on deferred prosecution does not require the same procedural protections as a guilty plea.[18] Therefore, a deferred prosecution is not the equivalent of a guilty plea.[19] Likewise, the treatment program required as part of a deferred prosecution is not equivalent to criminal punishment.[20] Through successful completion of the program, a defendant "has the opportunity to avoid criminal prosecution entirely ... [and is confronted with the] consequences of his or her wrongful conduct" only upon failure to complete the treatment program.[21] "In short, both the purposes and

9. *Id.*

10. *Id.* at 218 (alteration in original) (quoting *Wooley I*, 157 P.3d at 1066 and *Smith*, 83 P.3d at 16).

11. Former Wash. Rev.Code § 10.05.060 (1994).

12. *Id.*

13. *Id.*

14. *Id.* § 10.05.120.

15. *City of Kent v. Jenkins*, 99 Wash.App. 287, 992 P.2d 1045, 1046 (2000); *see also City of Richland v. Michel*, 89 Wash.App. 764, 950 P.2d 10, 13 (1998).

16. *Jenkins*, 992 P.2d at 1046–47.

17. *State v. Higley*, 78 Wash.App. 172, 902 P.2d 659, 668 (1995).

18. *State v. Preuett*, 116 Wash.App. 746, 67 P.3d 1105, 1107 (2003) ("Unlike guilty pleas, ... due process does not require written notice of all the consequences of deferred prosecutions."); *Higley*, 902 P.2d at 664, 667–68 (holding that a deferred prosecution order does not trigger the due process protections that apply to a guilty plea).

19. *See Jenkins*, 992 P.2d at 1047 ("Deferred prosecution is not equivalent to a guilty plea...."); *Abad v. Cozza*, 128 Wash.2d 575, 911 P.2d 376, 378 (1996) ("A deferred prosecution is not tantamount to a guilty plea."); *Higley*, 902 P.2d at 667–68 ("To accept deferred prosecution is not the same as to plead guilty.").

20. *Abad*, 911 P.2d at 378–79; *see also Jenkins*, 992 P.2d at 1046 ("Deferred prosecution is designed to encourage treatment of culpable people whose conduct is caused by a treatable condition, like alcoholism.").

21. *Abad*, 911 P.2d at 381 n. 2.

effects of deferred prosecutions differ from convictions."[22]

Despite these authorities, Eberhardt argues that his prior conviction occurred in 1994, when he was accepted for deferred prosecution, rather than in 2004, when he was convicted and sentenced. He points out that, as a condition of the deferred prosecution program, he was required to stipulate to the admissibility of the facts stated in the written police report.[23] He was also required to swear that his wrongful conduct was the result of alcoholism, drug addiction, or mental problems for which he needed treatment.[24] Eberhardt relies on language from *Bradley* and contends that, as a result of these requirements, he was "judicially confronted" with his misconduct and "given an opportunity for reformation."

But Eberhardt's argument takes this quotation from *Bradley* out of context. In *Bradley* (and the cases we relied on), we used this language to explain why a prior conviction was effective on one of two alternative dates—the date of the sentencing hearing or the date when the defendant's guilt was first established by a jury verdict or no contest plea. Under either alternative, however, the court had performed the basic requirement of a criminal conviction—a formal finding of the defendant's guilt. We used this quotation to explain why we chose to make the conviction effective on the date of sentencing, even though the initial finding of guilt occurred on an earlier date.

■■■ Eberhardt also points out that the Washington DUI statute includes both prior convictions and deferred prosecutions as "prior offenses" that may elevate a defendant's sentence for DUI.[25] But the fact that Washington law gives similar treatment to prior convictions and prior deferred prosecu-

tions does not control the effect of a deferred prosecution in this case. The effect of a prior court order on the sentencing of an Alaska offender is an issue governed by Alaska law.[26] And Alaska law requires a conviction and sentence before a DUI offense will qualify as a prior conviction.[27]

■■■ Eberhardt also argues that the Washington deferred prosecution program is the same as the Alaska statute allowing a suspended imposition of sentence. He notes that a suspended imposition of sentence will count as a prior conviction, unless the prior conviction has been set aside.[28] But the Alaska statutes authorizing a judge to suspend the imposition of sentence require that guilt must be established by a verdict or plea. The statutes permit a judge to suspend the imposition of sentence only "upon entering a judgment of conviction of a crime."[29] And if the defendant successfully completes his term of probation "the court may set aside the conviction."[30]

Washington does have another statutory procedure that is similar to the Alaska suspended imposition of sentence. Under Washington Revised Code section 3.66.067, a trial court may defer the imposition of sentence and place the defendant on probation for up to two years. But the Washington courts have recognized that this procedure is fundamentally different than a deferred prosecution: "A deferred prosecution treatment program, unlike a deferred sentence or probation, occurs prior to an adjudication of guilt."[31] It is this requirement of a conviction—a formal finding of guilt—that distinguishes the suspended imposition of sentence procedure from a deferred prosecution.

■■■ Unlike the requirements of a suspended imposition of sentence, Eberhardt

---

22. *Jenkins,* 992 P.2d at 1047.

23. *See* former Wash. Rev.Code § 10.05.020(2) (1994).

24. *See id.* § 10.05.020(1).

25. *See* Wash. Rev.Code § 46.61.5055(14)(a).

26. *See Mancini v. State,* 904 P.2d 430, 432–33 (Alaska App.1995).

27. *See Bradley,* 197 P.3d at 218.

28. *See Shaw v. State,* 673 P.2d 781, 786 (Alaska App.1983).

29. AS 12.55.080.

30. AS 12.55.085(e).

31. *State v. Vinge,* 59 Wash.App. 134, 795 P.2d 1199, 1201 (1990).

was not required to be convicted before he could be accepted for deferred prosecution in 1994. And no judgment of conviction would have been entered if he had followed the terms of the program. His conviction was not entered until 2004, after the court made a formal finding of his guilt and imposed a sentence. We conclude that this latter date is the effective date of his Washington conviction.

### Conclusion

We AFFIRM the judgment of the superior court.

COATS, Judge, dissenting.

COATS, Chief Judge, dissenting.

Driving under the influence is a misdemeanor offense. But if the defendant has been previously convicted two or more times within the ten years preceding the date of the present offense, the offense is a class C felony.[1]

The defendant in this case, Robert Eberhardt, was convicted of driving under the influence in Juneau on January 2, 2009. Because the trial jury determined that Eberhardt had two prior DUI convictions within the preceding ten years (one in Oregon and one in Washington state), Eberhardt was convicted of a felony. The question is whether the jury properly considered Eberhardt's Washington conviction—because that conviction was for an offense that occurred in 1994, fifteen years before Eberhardt's most recent offense.

When Eberhardt committed his Washington offense, he was placed in a deferred prosecution program, a treatment program for misdemeanor offenders that is somewhat analogous to a suspended imposition of sentence in Alaska. That deferred prosecution was revoked in 2004, and Eberhardt was then sentenced to a term of imprisonment. Because of this circumstance, the State argues that we should treat Eberhardt's 1994 offense as a 2004 conviction, thereby elevating his 2009 Juneau offense to a felony. The opinion of the court accepts the State's argument. I disagree.

When the legislature enacted the statute making a third driving under the influence offense within ten years a felony, it intended to enhance punishment for DUI offenders who commit three or more offenses within a specified time period. Enhancing Eberhardt's offense to a felony for conduct that subjected him to punishment in 1994 is contrary to this legislative intent. It also violates the principle of statutory construction that ambiguities in penal statutes be strictly construed against the government.[2] For these reasons, I am unwilling to extend the ten-year period specified by the legislature to include an offense Eberhardt committed, and was punished for, in 1994.

The opinion of the court appears to rest on a fairly technical definition of when a defendant has been "previously convicted." In general, under Alaska law, to qualify for enhanced punishment based on a prior conviction, a defendant must have been convicted of a crime and must have faced the consequences of that crime, usually by being sentenced.[3] So, for instance, if a defendant committed three burglaries before he was sentenced on the first burglary, he would be treated as a first felony offender under Alaska law, because at the time he committed the additional offenses he had not been sentenced for the first burglary and therefore had received no court-imposed opportunity to reform his behavior.[4]

In 1994, Eberhardt was confronted with his Washington crime and given an opportunity to reform. To be eligible for deferred prosecution in Washington, the defendant must file a petition alleging under oath "that the wrongful conduct charged is the result of or caused by alcoholism, drug addiction, or mental problems for which the person is in need of treatment and unless treated the

---

1. AS 28.35.030(n).

2. *See Wooley v. State,* 221 P.3d 12, 19 (Alaska App.2009).

3. *Bradley v. State,* 197 P.3d 209, 218 (Alaska App.2008).

4. *See State v. Rastopsoff,* 659 P.2d 630, 635 (Alaska App.1983).

probability of future recurrence is great."[5] The petitioner is required to submit a case history and a written assessment prepared by an approved treatment facility.[6] The petitioner must agree to comply with the terms and conditions of a treatment plan,[7] which must be for a two-year period.[8]

Furthermore, as the Washington Supreme Court explained in *Abad v. Cozza*,[9] a defendant who receives a deferred prosecution must waive substantial rights. The defendant must acknowledge that his offense arose out of a condition such as alcoholism that is subject to treatment, he must stipulate to the facts of his offense, and he must give up most of his rights, including the right to a jury trial:

> Deferred prosecution is a special preconviction sentencing alternative that is available to petitioners who acknowledge their culpability and need for treatment. As a condition for the granting of a deferred prosecution, the petitioner must state under oath the wrongful conduct charged took place and resulted from a condition amenable to treatment. The petitioner acknowledges advisement of rights as an accused. The petitioner knowingly and voluntarily stipulates to the admissibility of the facts in the police report, and acknowledges the report and sworn statement will be admitted in any postrevocation trial or hearing and used to support a finding of guilty. Plainly, this means that the petitioner agrees to waive the right to raise other defenses, to introduce other evidence, to question or call witnesses, and to a jury.[10]

The Washington court observed that the legislature intended to set up a streamlined procedure for revoking a deferred prosecution to avoid the problem of litigating a defendant's guilt after witnesses memories had faded or evidence had become less probative because of the passage of time.[11] The dissenting opinion in this case pointed out that, under the majority's decision, in a deferred prosecution "the defendant's guilt is presumed, and conviction necessarily follows."[12]

Moreover, under Washington law, when a court imposes mandatory penalties for subsequent offenses, a deferred prosecution is considered a prior offense if the deferred prosecution occurred within the appropriate lookback period.[13] In other words, had Eberhardt committed his DUI offense in Washington, his deferred prosecution would have been treated as a 1994 conviction.

In Alaska, the analogous provision to Washington's deferred prosecution is a suspended imposition of sentence. In *Shaw v. State*,[14] we held that, even though under the suspended imposition of sentence procedure the defendant never had a sentence imposed, his suspended imposition of sentence qualified as a prior felony conviction for purposes of sentence enhancement.[15] Therefore, had Eberhardt committed his driving under the influence offense in Alaska and received a suspended imposition of sentence, the date of his conviction would have been 1994.

Accordingly, I conclude that, for purposes of sentence enhancement, Eberhardt was convicted of his Washington offense in 1994, when he was, in effect, required to enter a guilty plea, and ordered to undergo at least a two-year period of treatment. This result is consistent with the Alaska Legislature's intent when it enacted the current felony driving under the influence statute. The legislature determined that a person who commits three offenses within a ten-year period is a particularly dangerous offender who deserves enhanced punishment. Eberhardt

---

5. Former Wash. Rev.Code § 10.05.020(1) (1994); Wash. Rev.Code § 10.05.020(1).

6. Former Wash. Rev.Code § 10.05.020(1) (1994).

7. *Id.* § 10.05.060.

8. *Id.* § 10.05.150.

9. 128 Wash.2d 575, 911 P.2d 376 (1996).

10. *Id.* at 382.

11. *Id.*

12. *Id.* at 385 (Alexander, J., dissenting).

13. *See* Wash. Rev.Code § 46.61.5055(14)(a)(vii); former Wash. Rev.Code § 10.05.120 (1994).

14. 673 P.2d 781 (Alaska App.1983).

15. *Id.* at 785–86.

does not fit this pattern: he committed the Washington offense well outside the ten-year period. His offense would have been considered a 1994 offense for sentencing purposes if he had re-offended in Washington. It would also have been considered a 1994 offense if he had received a suspended imposition of sentence in Alaska. I therefore conclude that the majority's result is in conflict with both legislative intent and principles of statutory construction.